IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

FILED
U.S. DISTRICT COURT

2010 OCT -5 PM 3: 59

CLERK _____
SO. DIST. OF GA.

AUGUSTA DIVISION

JAMES EDWARD JENKINS,                          )
                                               )
            Petitioner,                        )
                                               )
      v.                                       )  CV 110-121
                                               )
VICTOR WALKER, Warden and                      )
THURBERT E. BAKER, Attorney General            )
of the State of Georgia,                       )
                                               )
            Respondents.                       )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner James Edward Jenkins filed the above-captioned case pursuant to 28

U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of

the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **FINDS**

that the petition is time-barred by the applicable one-year statute of limitations. Accordingly,

the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma*

*pauperis* (doc. no. 2) be deemed **MOOT**, that Thurbert Baker be **DISMISSED** as an

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

improper party Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

## I. BACKGROUND

On July 20, 2000, Petitioner was found guilty of rape, child molestation, and three counts of aggravated child molestation. (Doc. no. 1, p. 3.) Petitioner was sentenced to life in prison. (Id.) Petitioner filed a direct appeal to the Georgia Court of Appeals, and his conviction was affirmed on January 6, 2003. (Id.) Petitioner does not indicate in his petition that he either moved for reconsideration, or filed a notice of intent to apply for certiorari to the Georgia Supreme Court. Next, Petitioner states that on August 1, 2006, he filed an "Extraordinary Motion for New Trial and Out-of-Time Appeal" in the Superior Court of Burke County that was denied on July 21, 2006.[2] (Id. at 3, 4.)

In 2008,[3] Petitioner filed a state habeas corpus petition in the Superior Court of Hancock County. (Id. at 4.) Petitioner's state habeas petition was denied on March 11, 2010. (Id.) Petitioner also filed a "Motion to Vacate and Set Aside Convictions and

---

[2]There seems to be some confusion in Petitioner's application regarding the dates of filing and the date of result of his "Extraordinary Motion for New Trial and Out-of-Time Appeal" in the Superior Court of Burke County. Since the motion could not have been filed after it was decided, as Petitioner's information suggests, the Court assumes that Petitioner made a typographical error. In any event, it makes no difference to the Court's analysis that the current petition is untimely.

[3]Though Petitioner does not provide the date on which the state petition was filed, the Court is able to discern the case number, "08HC007" from the Georgia Supreme Court docketing system where Petitioner had filed for a certificate of probable cause to appeal which was denied on September 20, 2010. See Supreme Court of Georgia, Computerized Docketing System and Case Types, http://www.gasupreme.us/docket_search/ (last visited Sept. 26, 2010). Using the case number, the Court is able to determine that the petition was filed sometime in 2008.

Sentences," as well as a second "Extraordinary Motion for a New Trial" in the Superior Court of Burke County, which was denied on August 3, 2009. (Id. at 4, 4c.) Finally, Petitioner executed the above-captioned petition on September 13, 2010. (Id. at 1 p. 8.)

## II. DISCUSSION

Effective April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, amended the statute governing habeas corpus petitions for state prisoners seeking relief in the federal courts. In pertinent part, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## A. Finality of Petitioner's Conviction

Under 28 U.S.C. § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Petitioner filed a direct appeal, and the Georgia Court of Appeals affirmed Petitioner's convictions on January 6, 2003. Thereafter, Petitioner had ten (10) days, pursuant to the Georgia Court of Appeals's Rule 37, to file a motion for reconsideration.[4] Pursuant to the Georgia Supreme Court's Rule 38, Petitioner had ten days in which to file a notice of intent to apply for certiorari to the Georgia Supreme Court.[5] Petitioner does not indicate in his petition that he did either. Thus, for the purpose of determining the timeliness of the above-captioned petition, Petitioner's conviction became final in January 2003.

## B. Application of the Statute of Limitations

Under the AEDPA, Petitioner had one year from January 2003, to file his federal habeas corpus petition. However, the Court recognizes that according to the provisions of 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Jones

---

[4]The Georgia Court of Appeals Rule 37(b) provides in pertinent part that, "Motions for reconsideration must be filed within 10 days from the rendition of the judgment or dismissal."

[5]The Georgia Supreme Court Rule 38 (1) provides:

Compliance with the requirements of this rule governing petitions for certiorari is mandatory. Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment or the date of the disposition of the motion for reconsideration, if one is filed. A copy of the notice of intent is not to be filed in the Supreme Court.

v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003). Nevertheless, by the time Petitioner filed his

state habeas petition sometime in 2008,[6] the one-year statute of limitations for filing a federal

petition had expired. Therefore, this statutory tolling provision of the AEDPA is of no help

to Petitioner because he did not commence state habeas proceedings until after the one-year

period had expired for filing a federal habeas petition. Therefore, no time period remains to

be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has

expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline

does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

The AEDPA describes three other situations which may delay or reset its one-year

statute of limitations: where there is a newly discovered factual predicate for a petitioner's

claim which could not have been discovered earlier through the exercise of due diligence;

where the State has created some "impediment" to filing the application; or where the

petitioner asserts a right that has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B), (C), and

(D) (quoted *supra*). Here, Petitioner fails to argue, and there is nothing in the record to

suggest, that any of these other three situations applies to his case. Accordingly, these

provisions do not provide any other valid statutory ground for extending the one-year statute

of limitations.

---

[6]As noted above, the Court is able to determine from the case number found on the Supreme Court of Georgia docketing system that the state habeas petition was filed sometime in 2008. Under the circumstances presented here, the exact date of filing is irrelevant. Indeed, whether Petitioner filed his state habeas petition on January 1, 2008, or on December 31, 2008, or anytime in between, there would be no time period left to be tolled under any scenario.

Similarly, Petitioner is not entitled to equitable tolling. "Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 335 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19). Here, Petitioner has not provided any explanation for the tardiness of his federal petition, let alone an explanation that would satisfy the "extraordinary circumstances" threshold described above. Thus, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

In sum, because (1) the above-captioned petition was filed more than one year after Petitioner's conviction became final, (2) Petitioner has not pointed to any other valid statutory ground for extending the deadline for filing his federal petition, and (3) Petitioner has not satisfied the requirements for equitable tolling, nor has he presented any arguments to support

6

a claim of actual innocence,[7] Petitioner's § 2254 petition is time-barred by the AEDPA's one-year statute of limitations.

## C.    Improper Respondent

Moreover, the Court also finds that Thurbert Baker is an improper party Respondent and should be dismissed. Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall allege the name of the person having custody over a petitioner. Furthermore, Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts states that for habeas petitioners who are currently in the custody of the state, "the petition must name as respondent the state officer who has custody." The Advisory Committee Notes to Rule 2 explain that the state officer having custody of the petitioner, often a prison warden, is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated. The Notes further explain that the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence which will be carried out in the future or for which the petitioner is not incarcerated, on probation, or on parole. As another federal court has explained, "[T]he only proper respondent in a collateral attack is the petitioner's custodian. . . . If the petitioner is in prison, the warden is the right respondent. . . . A state's attorney general is a proper party only if the petitioner is not then confined, but expects to be taken into custody." Hogan v. Hanks, 97 F.3d 189, 190 (7th Cir.

---

[7]Although actual innocence may warrant consideration of an otherwise untimely federal petition, Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000), "[t]his exception is exceedingly narrow in scope, as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). Notably, Petitioner does not raise an actual innocence argument in his federal habeas petition.

1996).

As Petitioner is challenging the sentence for which he is currently incarcerated, Warden Walker is the proper Respondent, and Thurbert Baker should be **DISMISSED** as an improper party Respondent.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* (doc. no. 2) be deemed **MOOT**, that Thurbert Baker be **DISMISSED** as an improper party Respondent, that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 5th day of October, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE