IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES EDWARD JENKINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-121 |
| | ) |
| VICTOR WALKER, Warden, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 5.) The Magistrate Judge recommended dismissing Petitioner's case for failure to comply with the one year statute of limitations imposed upon § 2254 habeas petitions by 28 U.S.C. § 2244. (Doc. no. 3.) Although Petitioner has filed objections to the Report and Recommendation, the Court notes that he does not dispute that his petition was time-barred; rather, he asks the Court to dismiss his petition without prejudice based upon his newly-raised claim of lack of exhaustion under 28 U.S.C. § 2254. (Doc. no. 5.) However, Petitioner's argument is fruitless. Regardless of whether Petitioner has exhausted as required by § 2254, his habeas petition would still be time-barred under § 2244. It would also appear that by asking the Court to dismiss his petition "without prejudice," the Petitioner is essentially asking for the Court's blessing to file another habeas petition in the future. This the Court will not do. Plaintiff is free, as is any other individual, to file a petition or other pleading in the future, as appropriate, by following the required steps to do so.

Further, a prisoner seeking relief under 28 U.S.C. § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal in forma pauperis. See 28 U.S.C. § 1915(a)(3).

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed in forma pauperis (doc. no. 2) is deemed **MOOT**, Thurbert Baker is **DISMISSED** as an improper party Respondent, this case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 3rd day of November, 2010, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

2